All right, our third case for this morning is United States v. Harper, Mr. Diggerson May it please the Court, my name is Simay Diggerson and I represent Appellant Demetrise Harper. The parties agree that this case in large part turns on a question of statutory interpretation relating to the scope of Section 924C's infuriarance prong. Under this Court's cases, the government bears the burden of presenting a viable theory as to how a defendant's possession, I think possession is the key word, of a firearm furthered a drug trafficking offense. That means the government has to show that the possession of the firearm, as this Court said, furthers, advances, or helps forward the drug trafficking crime. Here the underlying drug trafficking crime, the government tells us, is the distribution of 3.3 grams of cocaine that occurred when Mr. Harper handed those drugs to an undercover informant before any possession of the firearm. Why didn't he constructively possess it? He took it, he inspected it, and then sent it to it. After expressing skepticism, it was the same one in the photograph, and then it was put in the lockbox, and he took the lockbox. Well, so constructive possession in this Court's cases means that there has to be some dominion or control over the firearm. At the moment when he inspected the firearm, he had it, but that inspection did not further any drug trafficking crime. Why not? I mean, they were in the middle. I mean, it requires breaking down the crime into very small increments of time if we don't think it had anything to do with furthering crime. He's inspecting the payment, and he's furnished some of the crack. He'll get more later, he says. Why is it not in furtherance? The crime itself is the distribution of the drugs, which is already complete at the time when the drugs are handed over at the window. But if you break the time down in small enough increments, you'll always have, you know, one thing will happen first. Either the drugs will exchange hands first, and then payment in cash, payment in guns, payment in Monet paintings, or payment in whatever it comes in will happen second. I think that's right, but that's why the completed transaction requirement is so important. So I think in a situation where, I think as this Court said in Dickerson, once there's a completed transaction, it doesn't really matter which order things happen in. But when you have an uncompleted transaction, you just have the handing over of the drugs, that's the completed crime. And then what happens afterwards is essentially an ancillary possession, an inspection of the firearm that has nothing to do with the distribution of the drugs. But some drugs have been distributed, and he's holding the gun, albeit in the locked box. Why is that not, I mean, that I guess gets back to Judge Barrett's original question. Well, the possession of the firearm in the locked box, there's no dominion and control there, because he doesn't have the code to the locked box, and that's undisputed in the record. You could take it to a locksmith, right? Well, it's not at all, I mean, who's to say whether he's able to access it. There's certainly no case that says a secure box that an individual has no access to. What if I buy a car, and I give the money, and the dealer drives it out and says, here's your car, but goes to finish some paperwork and still has the keys. Do I now possess the car just because he hasn't given me the keys yet, or does it depend on my having the keys for my possession, my constructive possession to kick in? I think, I mean, that might be more of a borderline question, but I think probably if you don't have, I think at that point someone would say you don't really have dominion and control over the car if you have to go. He's given it to me, right? I could say it's mine, I've paid for it. It might be then that there's another sense of possession, which is the sort of legal possession, which is a little bit harder to figure out, obviously, in the context of a criminal act, but there's no possession here, and that would be a completed transaction, so possession in the sense of this is really my entitlement. Here you don't have that sort of possession, there's no completed transaction, nor do you have dominion or control. The only possession of any kind, I think, here is the inspection of the firearm, the touching of the firearm. And do you agree that is actual possession? We concede for the purpose of this appeal that that is possession, so we're not conceding that there was possession here, but what there wasn't, and again, it's not clear, even if we were to consider the lockbox to be possession, that that really furthers the crime either, because what this court said in Dickerson is the furthering of the crime has to be the completed transaction. It's only because of that that the later possession can enable the earlier distribution of drugs, and that's the sort of outer edge of this court's cases. In all of this court's other cases, the possession in a very straightforward sense furthers the crime. When you take possession of the gun as collateral, that really enables the crime, but for that possession of the firearm there would be no crime. I'll put it not further. If the deal was I'm giving you this gun in exchange for the drugs, and you don't necessarily simultaneously hand them over, but if that's the deal, how could that not be in furtherance of the possession of the drugs? It's the possession of the firearm that has to be in furtherance of the drug trafficking offense. Correct. How could that exchange not be in furtherance of? I think the government is sort of playing on the ambiguity of the exchange. I think when you have a completed transaction, and I think the way this court phrased it in Dickerson is very helpful, even when a drug dealer does not come into possession of a firearm until after the drugs are distributed, it's that later possession that makes the drug transaction possible. There has to be a transaction, and then the explanation for that is if Dickerson had agreed to accept the firearms but later reneged on his agreement, refusing to take possession, it is hard to imagine he would have allowed the buyer to keep the drugs. So the key aspect in Dickerson is the individual there has accepted possession of the firearm, and once he's accepted possession of the firearm and there's a drug transaction, it's sort of a legal fiction, but that is what makes the earlier distribution, that is what furthers the earlier distribution. I guess I don't understand that. He clearly accepted the lockbox. I mean, he gave up the drugs and he took the lockbox, right? There's an exchange. Yeah, there's an exchange. The only question is he's frustrated by the fact that the agent, understandably for the protection of the agent, had locked the lockbox. So from his point of view, the transaction may have been thwarted in some way, but the transaction had occurred. Oh, no. So I think that is not at all clear from the record. In fact, I think it's clear from the sort of undisputed facts that he had not accepted possession of the firearm. But the government says this is much ado about nothing anyway. They say you're reading requirements into the statute that are not there. Precisely. I think there is a real question of statutory interpretation. I don't think the government's position is that he has accepted possession. In fact, I think the government sort of expressly says on page 31 of its brief that it doesn't matter whether he's accepted possession or not. All that matters is he's physically handled the firearm and he gave drugs with the expectation of getting a gun. So the government is pushing this course. Because the word transaction, they say, isn't in the statute anyway. Right. But what is in the statute is the possession of the firearm has to further the drug distribution offense, which is complete. And under ordinary English, there's no way that it does that in a situation where the crime is complete and the possession happens afterwards. The sort of exception to that is Dickerson, which is where there's a completed transaction. And the government's theory now is going to push this one step further and say even when there's an uncompleted transaction, you still have a crime. And the only theory they have is if you hand over drugs with the expectation of a gun and then there's some ancillary touching of the firearm or ancillary possession of the firearm, that's a crime. So the government's view I don't think would be any different, for example, if someone just dropped the gun in the car and he picked it up and gave it back to him. I think the government would say that's a crime. On the other hand, if there was an inspection that was just a visual inspection. But what's missing in that hypothetical is the giving of the drugs, the receipt of the guns, the link between the drugs and the guns. And this case is being brought under the theory that you've possessed and furtherance of if you're using the guns as payment. Using it as payment has to be the possession. And so the possession has to be the taking possession of. And that happens in the context of a completed transaction. It can't just be that you intend to get guns or you expect to get guns. That's just not what Congress said when it said the possession has to be in furtherance of the drug trafficking crime. Is Dickerson what you're relying on for this completed transaction theory? We're relying on the language of the statute that under I think ordinary circumstances it's very hard to imagine any situation where a completed crime can be advanced or furthered. By a later possession. And I think Dickerson pushes the boundaries and says this is one scenario where it can. And the government has the burden of coming up with a theory as to why even when there's an uncompleted transaction, somehow there's been an advancement. I should add, I realize I only have 30 seconds, I'm going to save the rest for rebuttal, but I should add that the fact that we've been going back and forth over this I think at least suggests that there is a significant or substantial argument here. And in terms of our ineffective assistance of counsel claim, that's really all that's required. It doesn't have to be a slam dunk. We don't have to show that it's actual innocence. As this court said in the Gaylord case, all there has to be is a substantial probability that the argument would be successful, such that counsel at least had a duty to inform Mr. Harper of this defense. And it's undisputed here that he didn't even inform him of this defense. And so we think that, you know, I think even if this court does think this is a relatively close case or is an equipoise, there is at least a substantial probability that this is an argument that Mr. Harper should at least have been told about. And I think... Okay. I think we have the point. Thank you. Great. I'll save the rest of the time for rebuttal. Yes. I will give you a little bit. Mr. Lerman. Sorry. May it please the Court. Dan Lerman for the United States. The district court did not abuse its discretion in denying Harper's motion to withdraw its guilty plea and in finding that Harper did not meet his burden of showing that he was actually innocent. So I'd like to start with the actual innocence claim. Right. So I want to know if you think if somebody... Let's even make it easier. Let's make it money. Somebody... You give drugs to somebody and they give you a wad of money and then they immediately snatch the wad of money back out of your hands. Have you received the money because you held it briefly? You don't have it anymore. In my hypothetical, they snatched it out of your hands. I do think you possess the money, which is the language of the statute. I think if they... It depends. Part of the problem here is the question, in our view, is not whether a transaction is complete but whether the crime is complete. Now, I understand your hypothetical goes to sort of one part of that transaction. Because I'm concerned about it. So he holds the gun for a minute and it gets put in this locked toolbox. We don't know whether holding... Some things are very hard to break into. So holding a box that you can't get into isn't receiving a gun, necessarily. Well, not necessarily, Your Honor. But I'd like to point out here that below there was evidence, Your Honor, both that he physically handled... So what happened, according to the record, which was undisputed, was that he approached... He texted and said he wants a gun. He wants a trade hard for iron. Then he approached the seat in the crime. He visually saw the gun. He asked whether it was the right gun. Right, he peers around into the back seat. He doesn't want to sit in the car. He doesn't want to sit in the car. He then hands over the drugs. He then takes possession of the gun. And the record, which is undisputed here, shows that he physically handled the gun. And so the record, again, which was undisputed, and, in fact, conceded on appeal for all purposes, was that he possessed the gun and he handled the gun. And then, Your Honor is correct, it was then put in a locked box. Is it your view that the crime was complete when he held it and inspected it? Yes, Your Honor. He had already given the drugs... Yes, Your Honor. ...to the other person. Because, in our view, the crime here is... So I understand that the defendant's argument is that you either need to accept possession or there needs to be a complete transaction. But, in our view, the question isn't whether the defendant's preferred transaction is complete. The question is whether the crime is complete. The crime here is possession of a gun in furtherance of a drug trafficking offense. That crime is complete when he possessed the gun, which he did and which he does not dispute, and when he distributed the drugs. What's your definition of possession? Is it touching, holding? I mean, have I possessed Chief Judge Wood's notes if I reach over and hold them? I think if she gives them to you and says, here are the notes in return for your glass of water, Your Honor, I think you do possess them. And, again... But what if she just snatches my note from me and I grab it right back out of her hands because I've written something scandalous? Without jumping too much into that, Your Honor, I'll say this. Two things. I haven't, by the way. Yeah, no, I understand, Your Honor. It's all hypothetical. The courts have said that any possession, no matter how brief, we're fleeting. And I will concede this. Imagine a different transaction in which it's a normal cash-for-drugs deal and the defendant approaches and hands over the crack and then the other guy says, wait a minute, I don't have any drugs. Here's this gun. It shows him the gun and looks at him. He's like, no, no, I don't want that gun. I would grant, Your Honor, that there might be a question there. If he takes possession, I'm not sure he could dispute the possession. But he almost is objecting here. He handles this gun. He says, this isn't the gun I saw in the picture. You know, he's unhappy with it. Well, he says he's unhappy with it. I mean, two points. He says now he's unhappy with it. What the record shows is that he initially was not sure whether it was the right gun. He then was told it was the right gun. He then dealt the drugs and he then took possession of the gun. And he never again made any argument that it was not the right gun until appeal. So I guess I would dispute the factual record shows what Your Honor is saying. But I guess the point of my hypothetical before is I don't think position here is not in dispute because he conceded below that he possessed it. He pleaded guilty to both possession as a felon and possession in furtherance. He never disputed that. And he affirmatively abandoned it on appeal. And his appellate briefs admit that he possessed it and just says it wasn't in furtherance. So this is where their other point comes in, right? Where they say, yes, he admitted to all those things in the guilty plea. And of course, that's a tough record to get over. We all say that all the time. And it should be true. It is true. But that's where he says, but his lawyer didn't tell him that actually as far as the law uses the term in furtherance of, possessing in furtherance of, you didn't do that. Right, Your Honor. And if I could just before turning to that question just mention, one of his arguments was that no case has ever involved an alleged lack of acceptance of possession. I would just point the court out to the United States versus Gardner case. It's a Second Circuit case cited in both defendant's brief and our brief. In that case, the drug dealer treated crack cocaine for a gun. And then the buyer said, wait a minute. I want powder cocaine, not crack cocaine. So the defendant said, OK, let me go look for powder cocaine. He left the car. He went to go find powder cocaine. And then the record, because it was a witness, the record did not reflect whether he ever returned with the powder cocaine. The Second Circuit affirmed his conviction even though the defendant argued in his brief that the seller ultimately refused to take the crack. So I would say what the defendant is wrong is that this is an entirely novel circumstance. But in any event, I would also point out that it's irrelevant. Because although the defendant said that the burden is on the government, well, that's true when you go to trial. But once you plead guilty and seek to withdraw your guilty, as Your Honor said, it's a very high bar. The burden is on the defendant to show that he's actually innocent at that point. And so whether or not there's a case squarely in point is irrelevant. Well, just show a just reason for withdrawing. Correct. And actual innocence is a just reason. But we would submit in the case law as held that the burden is nevertheless on the defendant. So as to Your Honor's actual innocence claim, I mean, ineffective assistance claim. Ineffective assistance. Sorry. If this court agrees that his actual innocence claim fails, then we would submit that it follows that his ineffective assistance fails as a matter of law. That's because it's not objectively unreasonable for a lawyer to fail to advise you about a meritless defense. And that is what this court held in Hayes versus the United States. What if it's not meritless? What if there's something to it, but it's an ultimate loser?  I would say the same thing, Your Honor. And that's what the court held in Hayes. So in Hayes, the defendant argued that his actions didn't satisfy one of the elements of his defense of conviction and that his lawyer should have told him that. It turns out that there was a circuit split on whether his actions satisfied the elements of the crime. This court, in addressing his ineffective assistance claims, first addressed his defense and said, well, we disagree with those other cases. We hold that you committed the crime and we're rejecting your defense. And then it held summarily in a sentence. It said, because we reject your defense, we hold that your lawyer was objectively reasonable in recommending that you make a guilty plea and in not raising that defense. So my first point would be that if this court finds that it's without merit, and without merit means wrong, then it should reject his ineffective assistance claim. And recall, Your Honor, if anything, it's harder, I think, to make out an ineffective assistance claim. Because the burden is on the defendant to rebut the presumption of objectively lack of prejudice. And then, of course, on appeal, show that the district court abused its discretion in finding that he did not rebut those presumptions. Your Honor's question, I think, points to the Brock Miller case to a certain extent, which is one of the cases that the defendant relies on. In that case, the court said that it could be ineffective assistance to fail to make a clearly meritorious argument. Well, a defense that's wrong is not clearly meritorious. And clearly meritorious does not mean not sanctionable. It means right. So in Brock Miller itself, everyone agrees that the lawyer failed to recognize that they were using the wrong statute to determine the predicate offense. And if he made that argument, it would have been a winner. Well, here, the argument is not a winner. It's a loser. And Brock Miller and the other cases cited by the defendant for the clearly meritorious line, they're distinguishable for another reason, which is that most of them, including Brock Miller, is a 2255 case. The defendant did not get a hearing in the district court on his ineffective assistance claim. And then the question for this court was simply whether he should get a hearing and whether he alleged facts, which, if true, could make out a claim. Does it matter if the argument is a loser as a matter of law or as a matter of fact? I don't think so, Your Honor. I haven't thought about all the permutations here. I mean, we have here a claim that is couched as an actual innocence claim. Arguably, it's a legal innocence. But this court has said actual innocence is, on an undisputed view of the law, what he did does not satisfy the elements of the law. I think legal innocence is probably, I guess, if you argue, perhaps, that the law is unconstitutional or something like that. This is kind of a tricky case because his argument below, through his lawyer, was that he had no intent to take possession of the gun, that he went there to pay back the CI for a prior transaction and was simply shown a gun, almost like the chief judge's hypothetical, and sort of said, I don't want the gun. Well, this is why the text messages are relevant. And defendant suggests that we're imputing an intent element. But this court has said, in duty, that your willingness to take possession of a gun could facilitate a transaction. And it certainly rebuts his sole argument below, which was that he didn't intend to take a gun. It showed that he did. It was undisputed. And so the district court did not abuse its discretion in finding that he didn't meet that element. So I guess, to answer your question, I would say, there is a factual component here. I don't think the defendant is now looking at the factual component. But that's part of the mix of what happened below and why all the text messages were relevant. Because ultimately, you have the possession that's uncontested, and you have the distribution that's uncontested. Defendant's right that the court question here is whether it was in furtherance. But we would submit, again, and he conceded that Dickerson said this, but we would just say that both duty and Dickerson make abundantly clear that the order in which the items changed hands does not matter. It is later possession that facilitates a transaction. And it did here. He would not have distributed the drugs, but for his possession of the gun. And that is sufficient under this court's case law. There's nothing in the record, though, to show that it was still feasible for him to snatch the drugs back. I mean, once he's conveyed the drugs, he gets the gun. Now he sort of doesn't have the gun. Could he undo the transaction at that moment? I don't know, Your Honor, if the record reflects whether it was physically possible. Our position is, it doesn't matter. If you wanted to later renege the transaction, that's all well and good. But the crime is complete, and there are no takebacks. If you wanted to commit a different crime, that's fine. But it doesn't mean that the crime here was incomplete. All right. Thank you very much. Mr. Diggerson, your time ran out, but I will give you one minute. You have to watch the clock. Yes, sorry. I thought that was seven minutes. OK. I apologize. So Your Honor, I think the crucial thing that the government just said was that the crime is complete at the moment that the gun was inspected. So that's clearly the possession that they think occurred, and they also agree that the crime itself, the distribution offense, was complete when the drugs were handed over. Now, the factual context of this case is not, and I really want to present it as if it is a, basically it's a transaction. But Mr. Harper has said, is that the same gun? I thought there were going to be magazines. And then I think the critical point is, the agent was leaving the car saying, I'm going to, and this is at A29 in the record, I'm going to go show you a different gun. I'm going to go show you some magazines. So they're clearly in the middle of the bartering process. And the government's response is, it just doesn't matter at all because he's possessed it and he handed over the guns with the expectation. So it's two independent requirements. Once they both happen, you're within the statute. That is just not what the statute says. The possession has to be in furtherance of the crime. And I'll say one last thing, which is that it's really an extraordinary idea to say, even if this is a closed question, counsel does not even have to inform the client about it if this court ultimately thinks that the government wins. Surely, that's an incredibly high bar for what counsel has to communicate to his client. And so I think that would be a fairly extraordinary holding for this court to adopt. But I think that's what would be required for you to rule for the government here. All right, Your Honor. Thank you very much. Thank you for accepting the appointment from the court. We appreciate your help. And thanks as well to the government. We will take the case under advisement. Thank you.